Salvadore E. Constanza-

-vs-

N. O. Railway & Light Co.

No. 7 8 2 4 .

Court of Appeal.

Parish of Orleans.

------------------------

Dinkelspiel. J.

7824

## Dinkelspiel- J.

This action is brought by plaintiff against defendant
based on the following facts as we gather them from the
record:

That on or about 12th. September, 1916, at about the
hour of 8 o'clock in the morning, plaintiff had his
mule and wagon standing on the gutter edge of Dumain
Street, between Decatur and Chartres Streets, where
it had a right to be, the wheels of the wagon being
chained to prevent it's movement until plaintiff was
ready to drive off; that while the mule and wagon
was so stationed at this point, Tchoupitoulas car No.
89, owned, used and operated by defendant, came out
Dumaine Street from Decatur Street going towards the
woods and as it neared the mule and wagon the motor-
man of the car caused the fender, in front of the car
to suddenly and violently drop, which sudden, unusual
and unreasonable action , did freighten and scare the
mule, causing the mule to jump in front of the car
inflicting damage upon plaintiff's property as here-
inafter described.

Plaintiff further alleges, that he left the mule and
wagon in charge of two men, and he had observed and
taken all proper caution and care, therefore he was
not guilty of negligence.

That the accident was caused solely by the abrupt,
careless and sudden manner in which the motorman of
the car negligently dropped the fender by lifting
and elevating it  on account of obstructions and
repairs being done, at the time, on Decatur Street, &
and upon which Street the car had been running just
before turning into Dumaine Street, that said fender

28

should have been lowered by the motorman in a careful manner and not in the suden, abrupt, violent, unreasonable and unnatural manner in which it was done thereby avoiding the injury and damage.

That plaintiff suffered damages, itemizing his claim as follows,- Loss of Mules, $300.00. Doctors services $17.00. Damage to wagon, $16.65. Loss, being with out a mule and wagon, $73.50. Damage to harness, $5.00. Total, $412.15. for which amount he prayes for judgment.

The answer denies indebtedness to plaintiff; also the truth of the facts alleged in the 4th. 5th. 6th. 7th. 8th. and 9th. articles of the petition, and then goes on to assert; that on 12th. September, 1916, about 8.30 o'clock, in the morning, plaintiff's mule was attached to a wagon standing on Dumaine Street, near Decatur Street, and as one of defendant's cars was about to pass the team, the mule suddenly shied on to the track in front of the car, at a time when it was impossible for the motorman to stop the car oweing to the brief time and the short distance within which to act.

Further answering, defendant avers, that the mule had been left on the street with no one in charge, which conduct is contrary to City Ordinances in such case made and provided, and that the owner thereof was guilty of negligence in so leaving the team with - out a driver or anyone to guard same against accident. Hence, defendant prays for dismissal of the suit.

The testimony, in this case, consists of that of plaintiff, Dr. Vincent Leroca, J. F. Bollwinkle, Vincent Randazzo, Henry Smith, Mrs. William Fisher, Edward Larrieu, Edward Raffo and Charles F. Ruppert, and they

29

contradict one another on material and immaterial statements., and we see no good reason why any should be quoted.

The plaintiff and his witnesses, asserted and testified to the facts set up in his petition, they swore that the mule and wagon together with the harness was injured just as claimed, through the lifting of the fender, without any cause, violently striking the mule in vital parts, causing the injury as claimed. There is no dispute as the amount of the value of the mule, wagon and harness etc., the itemized claim is complete and satisfactorily accounted for. On the other hand, several witnesses and the motorman, on behalf of defendant company, whilst not as positive in their testimony, by any means, as those of plaintiff and his witnesses, nevertheless assert contrary.

The trial judge, after seeing and hearing the witnesses, in an able written opinion decided in favor of plaintiff, and we adopy that opinion as our opinion, which is as follows;-

"This is a suit for damages resulting from the collision of a street car and plaintiff's mule and wagon.

The evidence is very conflicting. The plaintiff and his witnesses swere that the mule was facing the river; that the mule received a blow from a broken wagon shaft which resulted in the death of the animal; that the damage to the wagon and harness was substantial.

The motorman and two witnesses, swore that the mule was facing the rear of town, which must be untrue for the reason, that a blow inflicted, both vehicles pointing in that sirection, would simply shove the animal and vehicle aside, with-

30

serious damage. These witnesses testified that the wagon was not broken, that no damage was done it or the harness. I beleive this incorrect; that the witnesses who so testified were non-observant, in other words, I feel, that the accident occurred practically as stated in the petition and that defendant is liable for loss of the mule and for damage to wagon and harness. Judgment for plaintiff. Mule $300. Doctor fees, $17. Wagon, $16.65. Harness, $5.--$338.65."
For the reasons assigned by the Judge a quo, in the written opinion here quoted, it is ordered, adjudged and decreed, that the judgment of the lower Court, be and the same is hereby affirmed. Defendant to pay costs of both Courts.

<div align="center">

—Judgment Affirmed—